**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re:<br>    Margaret K. McHenry,<br>    **Debtor.** | :<br>:<br>:<br>:<br>: | Chapter 7<br>**Case No. 09-51377 (AHWS)** |

*Appearances*:

| | | |
|---|---|---|
| Douglas S. Skalka, Esq.<br>Neubert, Pepe & Monteith, P.C.<br>195 Church St., 13th Floor<br>New haven, CT | :<br>:<br>:<br>:<br>: | Attorney for Debtor |
| Ronald D. Japha, Esq.<br>Gordon & Scalo<br>140 John Street<br>Bridgeport, CT | :<br>:<br>:<br>: | Attorney for Respondent |

**Memorandum and Order on Debtor's**
**Motion to Avoid Lien under Section 522(f)**

Alan H. W. Shiff, United States Bankruptcy Judge.

    Margaret K. McHenry, the debtor in this chapter 7 case, seeks to avoid a lien on her real property located at 101 Compo Street located in Westport, Connecticut (hereinafter, the "Property") under 11 U.S.C. § 522(f)(1).  She claims that the lien, held by Respondent Perkins Family Partnership, LLC ("Perkins"), is a *judicial lien* that impairs her homestead exemption and can be avoided under that section.  Perkins objects on the basis that its lien is *consensual* and cannot be avoided.[1]  For the reasons

---

[1] The debtor has also moved to avoid the subject lien pursuant to 11 U.S.C. § 547.  The court need not address the § 547 avoidance argument since, as more fully

that follow, the debtor's motion is granted.

## BACKGROUND[2]

The debtor values the Property at $1,000,000 and claims a homestead exemption under § 522(d)(1) of the code. There are two mortgages in the aggregate amount of $1,057,000 recorded against the Property, as well as a $390,299.03 prejudgment attachment held by Perkins. The mortgages are senior to the prejudgment attachment.

The debtor was the sole member of Zero Harborview, LLC ("Harborview"), which leased commercial property from Perkins and for which the debtor pledged a personal guarantee. In September 2008, Perkins commenced a state court action against Harborview for breach of the lease and against the debtor for breach of her corresponding personal guarantee. In February 2009 in the state court action, Perkins filed an application for prejudgment remedy against the debtor, seeking an attachment in the amount of $750,000. The application was scheduled for hearing on April 30, 2009.

> At the hearing, Perkins and the Debtor stipulated to the entry of a prejudgment attachment in the amount of $390,299.02 ("Stipulation"). Thereafter, the [state c]ourt . . . entered an order for prejudgment remedy against the Debtor in the amount of $390,299.03 [(hereafter, the "Attachment")].

Joint Stip. of Facts. at 2, ¶5. The Attachment was recorded in the Westport Land Records on May 21, 2009.

---

discussed herein, avoidance is granted pursuant to § 522(f).

[2] The parties filed a join stipulation of facts not in dispute, which the court incorporates in its recitation of the facts herein. *See* Joint Stipulation of Facts (doc. #34).

On July 16, 2009, the debtor commenced this chapter 7 case. At that time, she continued to own the Property.

## *DISCUSSION*

The court's analysis begins with relevant provisions of § 522(f):

> (1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien . . . .
> * * *

The narrow issue here is whether the Attachment is a judicial lien that can be avoided under code § 522(f)(1) or is a consensual lien that can not be avoided. The bankruptcy code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A consensual lien falls within the code definition of a security interest, which is a "lien created by an agreement". 11 U.S.C. § 101(51).

The law in this district supports the debtor's position. "[The creditor's] lien was created by the state court judgment, not by the consent of the debtor to the judgment. '[A] consent judgment fit[s] within the definition of 'judicial lien' in 11 U.S.C. § 101[(36)[3]].'" *Holyst v. Diamond Int'l Corp. (In re Holyst)*, 19 B.R. 14, 16 (Bankr. D. Conn. 1982) (quoting *In re Ashe*, 669 F.2d 105, 109 (3rd Cir. 1982)). Like the lien in *Holyst*, the

---

[3] In 1982, the definition for "judicial lien" was found in code § 101(27); it has since been re-numbered as § 101(36).

Attachment was created by a state court judgment, not by the debtor's consent to the amount of the judgment.  Moreover, but for Perkins' state court action, attachment – a legal process – would not be possible, as a prejudgment attachment is granted only in conjunction with a legal action.  *See, e.g.*, Conn. Gen. Stat. § 52-278a(d) (defining "prejudgment remedy" as "any remedy or combination of remedies that enables a person by way of attachment . . . to deprive the defendant *in a civil action* of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment . . .") (emphasis added); *see also, e.g., Marlin Broadcasting, LLC v. Law Office of Kent Avery, LLC*, 101 Conn. App. 638, 647 (2007) (further citation omitted) (stating that an adjudication made by the court on an application for a prejudgment remedy is collateral to the underlying proceeding).  Thus, despite the debtor's agreement to a prejudgment attachment in a lesser amount than originally sought by Perkins, *see* "Stipulated Agreement of the Parties", attached to debtor's Memorandum in Response ("Both parties agree that the [prejudgment remedy] may enter in the amount of $390,229.03"), the resulting Attachment is a judicial lien within the context of § 101(36) as it came into existence by means of judicial action.  *See also Turner v. Emmons & Wilson, Inc. (In re Milton Group, Inc.)*, 28 B.R. 789 (Bankr. S.D.N.Y. 1983) (finding prejudgment attachments arising under Connecticut state law were judicial liens as they were "obtained only after judicial action").

     This conclusion dovetails with clear Second Circuit law that a "debtor is permitted, even if he lacks an equity interest in the property [as is the case here], to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b)."  *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 125 (2d Cir.

1984) (citing with approval, *inter alia*, *In re Chesanow*, 25 B.R. 229, 230-31 (Bankr. D. Conn. 1982).

## *CONCLUSION*

Accordingly, the debtor's motion to avoid the Attachment is GRANTED, and **IT IS SO ORDERED**.

Dated this 19th day of April 2010 in Bridgeport, Connecticut.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge